1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7              EASTERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| ANTHONY ROJAS, | Case No. 1:24-cv-00266-EPG |
| Plaintiff, | FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | |
| COMMISIONER OF SOCIAL SECURITY, | (ECF Nos. 1, 14, 20). |
| Defendant. | |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits and supplemental security income. (ECF No. 1). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Having considered the record, administrative transcript, parties' briefs, applicable law, and for the reasons set forth below, the Court finds as follows.

\\\
\\\
\\\
\\\

1

## I.     ANALYSIS

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to fully develop the record.[1] The medical source opinions by non-examining state medical examiners were based on information contained in the record at the time of the state agency reconsideration and did not consider subsequent records. Moreover, because the ALJ found parts of the state agency medical consultant opinions not persuasive, there was an "evidentiary gap" as there were no other opinions regarding Plaintiff's functional abilities. As a result, Plaintiff claims that the ALJ had a duty to develop the record "with a consultative mental examination," instead of crafting an RFC without the guidance of a medical opinion.

Defendant first points out that while Plaintiff calls for a consultative *mental* examination, Plaintiff does not put forth any arguments contesting the ALJ's assessment of Plaintiff's mental impairments. Nevertheless, Defendant argues the ALJ was not required to obtain an assessment from another medical provider, and that the record was not ambiguous or inadequate to trigger a duty to further develop it. Further, Defendant argues that Plaintiff has failed to demonstrate that any error affected the ultimate non-disability determination.

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). An ALJ has a duty to develop the record "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Moreover, "[i]t is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" *Russell v. Bowen,* 856

---

[1] The Court declines to find that Plaintiff has waived this argument by failing to object at the hearing of to the Appeals Council. Plaintiff's argument is that the ALJ failed to satisfy her legal duty to develop the record, in light of her decision to reject in part of the opinions of consulting experts—not that the ALJ should have considered new evidence not previously submitted. *See Silveira v. Apfel*, 204 F.3d 1257, 1260, n. 8 (9th Cir. 2000) (noting plaintiff's argument raised for first time on appeal is a pure question of law and the Commissioner had an adequate opportunity to respond).

F.2d 81, 83 (9th Cir.1988) (citation omitted). And, "ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination." *Bufkin v. Saul*, 836 F. App'x 578, 579 (9th Cir. 2021) (unpublished) (internal citations omitted).

Here, in formulating the RFC, the ALJ considered the record as a whole, including numerous medical records and the findings of state agency medical consultants. The initial evaluation of state agency consultants considered Plaintiff's medical records, including x-rays and MRIs, spanning November 4, 2020, to December 2, 2021. (*See* A.R. 77-78). On reconsideration, additional records from 2022 were reviewed. (*See* A.R. 88-89). Both consultants opined that Plaintiff was not disabled. (A.R. 84, 103).

The ALJ discussed these opinions as follows when discussing the basis for formulating Plaintiff's RFC:

> In reaching these findings, the parts of the state agency medical consultant opinions for medium work and greater postural activity tolerances were not persuasive (Exs. 1A, 3A). They are not supported by adequate consideration of all of the claimant's impairments, severe and non-severe, and are not consistent with the late period at issue diagnostic imaging that showed nerve root involvement at L5-S1 and at least mild relative central canal stenosis at one cervical level in addition to multi-level disc bulges. The claimant therefore instead was limited to light work and occasional postural activity, except for frequent balancing, and with a prohibition on climbing ladders, ropes, and scaffolds in the above residual functional capacity.

(A.R. 29). The ALJ then imposed a more restrictive limitation than the "medium RFC with postural and environmental limitations" found appropriate by the state agency consultants. (*See* A.R. 82, 95). Specifically, the ALJ found the evidence "supports greater restrictions to the modified light level," and referred to vocational evidence "to determine the effect of those restrictions on the occupational base." (A.R. 24).

Further, to the extent Plaintiff argues that the ALJ "interpreted the notations of doctors unguided," *see* ECF No. 14 at 15, as a general matter, there "is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Here, the ALJ's decision to impose greater limitations based on late period diagnostic testing and a consideration of Plaintiff's impairments was within the ALJ's capability.

Further, despite Plaintiff's contention that the ALJ ignored "significant and probative evidence" as to Plaintiff's migraine impairment, Plaintiff does not demonstrate any ambiguity or inadequacy in the record. (ECF No. 14 at 17). The ALJ addressed several medical records concerning Plaintiff's headaches, including the records from 2021 that Plaintiff argues the ALJ ignored. (*See* ECF No. 14 at 18 (citing A.R. 476-477, 482); *see also* A.R. 24 (citing A.R. 476, 481)). As to the records from 2020 that Plaintiff states the ALJ did not consider, the ALJ explained that those records "predate[d] the alleged onset date" of August 6, 2021. (A.R. 24).

Taken as a whole, the Court finds that the ALJ's decision was supported by substantial evidence and the ALJ did not have a duty to develop the record further.

## II.     CONCLUSION AND ORDER

Based on the foregoing, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:   **January 29, 2025**              /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

4